# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 1:16cr00032 |
| ) | **ORDER** |
| RICHARD DENNY NOFSINGER, JR., ) | |
|    Defendant ) | |
| ) | |

This matter came before the undersigned on the motion for discovery filed on behalf of the defendant, (Docket Item No. 23), ("Motion"). Upon consideration of the Motion, it is **ORDERED** as follows:

1. The Motion will be considered a request by the defendant for disclosures pursuant to Federal Rule of Criminal Procedure 16(a). The United States Attorney's Office shall confer with defense counsel and arrange a date by no later than August 23, 2016, on which defense counsel may inspect and copy the materials described in Fed. R. Crim. P. 16(a)(1). Note should be taken of the defendant's disclosure obligations under Fed. R. Crim. P. 16(b), and such disclosures should be made by no later than August 30, 2016;

2. Defense counsel may make a copy of any materials provided to counsel for the defendant by the Government to be given to the appropriate person to be placed on file at the facility holding the defendant in a secure location, (i.e. warden's office or counselor's office), for the defendant's review. These materials

-1-

may not be given directly to the defendant and may not be removed from the secure location by the defendant. The defendant is advised that violation of this Order may result in a defendant being required to show cause why he should not be held in contempt of court. Defense counsel must retrieve these materials at the conclusion of this case and either destroy the materials or return them to the U.S. Attorney's Office.

3. To the extent that the defendant seeks disclosure of material described in *Brady v. Maryland*, 373 U.S. 83 (1963), and related cases, including *United States v. Giglio,* 405 U.S. 150 (1972) (impeachment evidence), the government's obligations to produce these materials in a timely manner exist regardless of any specific direction by the court, *see United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983); and

4. Otherwise than as set forth herein, the Motion is **DENIED**.

ENTER: August 9, 2016.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE